UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA ROWELA CAFE,<br><br>  Plaintiff,<br><br>  v.<br><br>PRIME NOW LLC AND AMAZON.COM SERVICES LLC,<br><br>  Defendants. | No. 2:23-cv-02867-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Plaintiff Sheila Rowela Café's ("Plaintiff") Motion to Remand. (ECF No. 8.) Defendants Prime Now LLC ("Prime LLC") and Amazon.com Services LLC ("Amazon LLC") (collectively, "Defendants") filed an opposition. (ECF No. 9.) Plaintiff filed a reply. (ECF No. 11). For the reasons set forth below, the Court DENIES Plaintiff's motion.

///

///

///

///

///

1

## I.     Factual and Procedural Background

A detailed recitation of the factual and procedural history is not necessary for the disposition of Plaintiff's motion. In short, Plaintiff alleges she worked for Defendants as a grocery picker and stocker before Defendants wrongfully terminated her in November 2021. (ECF No. 1-1 at 13.)

On October 31, 2023, Plaintiff filed a Complaint against Defendants in the Sacramento County Superior Court, alleging twelve causes of action arising under California law, including the California Fair Employment and Housing Act ("FEHA"). (*Id.* at 5, 8.) On December 7, 2023, Defendants removed the action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 1.) On January 8, 2024, Plaintiff filed the instant motion to remand the action back to state court. (ECF No. 8.) Defendants filed an opposition (ECF No. 9), and Plaintiff filed a reply (ECF No. 11).

## II.     Standard of Law

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). The district court has jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e., complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Diversity is determined at the time the complaint is filed and removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). For diversity purposes, a corporation is a citizen of the state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). An individual defendant's citizenship is determined by the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction — typically the defendant in the substantive dispute — has the burden to prove, by a preponderance of the

1 evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel.
2 Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). "The preponderance of the evidence standard
3 applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is
4 any doubt as to the right of removal in the first instance.'" *Id*. (quoting *Gaus v. Miles, Inc.*, 980
5 F.2d 564, 566 (9th Cir. 1992)). "This gives rise to a 'strong presumption against removal
6 jurisdiction [which] means that the defendant always has the burden of establishing that removal
7 is proper.'" *Id*. (quoting *Gaus*, 980 F.2d at 566).

### III.   ANALYSIS

In moving to remand, Plaintiff argues Defendants have failed to establish both that the amount in controversy exceeds $75,000 and that complete diversity exists between the parties. (ECF No. 8 at 11–14.) Plaintiff further argues that she is entitled to attorney's fees in bringing the instant motion to remand. (*Id.* at 14–15.) The Court will address each of Plaintiff's arguments in turn.

#### A.   Amount in Controversy

As noted above, the amount in controversy must exceed $75,000 for diversity cases in federal court. 28 U.S.C. § 1332(a)(1). However, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required … only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In such a case, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied …." *Id.* at 82 (citing 28 U.S.C. § 1446). "When the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and the underlying assumptions must be reasonable, and not constitute mere speculation and conjecture." *Crockett v. Wal-Mart Assocs., Inc.*, No. 223CV01562TLNKJN, 2024 WL 516713, at *2 (E.D. Cal. Feb. 9, 2024) (citing *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).

Plaintiff contends Defendants' estimate of Plaintiff's compensatory damages (including lost wages and emotional distress), punitive damages, and attorneys' fees is devoid of evidentiary

1  support and does not sufficiently demonstrate the amount in controversy exceeds $75,000. (ECF
2  No. 8 at 11–14.) Defendants disagree and argue, among other things, that Plaintiff's alleged total
3  lost wages alone exceed the jurisdictional threshold. (ECF No. 9 at 12–14.)

4  The Court agrees with Defendants and finds Plaintiff's alleged lost wages exceed
5  $75,000.[1] Defendants contend — and Plaintiff appears to concede — that Plaintiff's alleged lost
6  wages in back pay at the time of removal were $66,075, based on an annual income of $31,720.
7  (ECF No. 8 at 13; ECF No. 9 at 12.) Thus, we begin the analysis with an amount in controversy
8  of $66,075. Plaintiff also seeks compensatory damages for lost *future* wages (ECF No. 1-1 at 15),
9  which are recoverable under Plaintiff's FEHA causes of action, *Wysinger v. Auto. Club of S.*
10 *California*, 157 Cal. App. 4th 413, 427 (2007) ("Under FEHA, an employee … may be
11 compensated for a future loss of earnings.").

12 When lost future wages are sought, they are considered as part of the amount in
13 controversy, *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417–18 (9th Cir. 2018), and may
14 be considered from the time of removal through the time of trial, *see, e.g.*, *Fisher v. HNTB Corp.*,
15 No. 2:18-CV-08173-AB-MRW, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018). Defendants
16 estimate Plaintiff's lost future wages through the time of trial are at least $31,716 (i.e.,
17 approximately one year's income), based on an estimate that trial would conclude one year after
18 removal. (ECF No. 1 at 7.) Such an estimate is reasonable considering the average amount of
19 time for a case to be brought to trial in this Court is presently over 60 months from the time a case
20 is filed. (ECF No. 9 at 13 (citing federal court case management statistics)). Thus, Plaintiff's
21 total alleged lost wages are $97,791 ($66,075 of lost wages in back pay + $31,716 of lost future
22 wages), which is over the $75,000 jurisdictional threshold.

23 Accordingly, the Court DENIES Plaintiff's motion to remand on the basis that the amount
24 in controversy has not been met.
25 ///
26

---

27 [1] Because the Court finds Plaintiff's alleged lost wages exceed the jurisdictional threshold, the Court need not consider whether Plaintiff's alleged punitive damages or attorneys' fees, either
28 alone or a combination thereof, exceed $75,000.

4

B.     Diversity of Citizenship

"Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001)). "A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quoting *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). The parties do not dispute that Plaintiff is a citizen of California. (ECF No. 8 at 14; ECF No. 9 at 18.) However, the parties disagree about the citizenship of Prime LLC. (ECF No. 8 at 14; ECF No. 9 at 18.)

Plaintiff contends Prime LLC is a citizen of California because Prime LLC has two members from California — Michael Huffaker ("Huffaker") and Alexander Uranker ("Uranker"). (ECF No. 8 at 14.) To support her argument, Plaintiff submitted, among other things, Prime LLC's Statement of Information that was filed with the California Secretary of State, and screenshots from various internet searches of Huffaker and Uranker. (*Id.* at 17–44.) The Statement of Information contains a section that requires Prime LLC to list its "managers" or "members" and both Huffaker and Uranker are listed. (*Id.* at 28.) The screenshots from various internet searches of Huffaker and Uranker purport to connect them to addresses in California. (*Id.* at 31–45.)

Defendants do not contest Plaintiff's assertion that Huffaker and Uranker are domiciled in California. Instead, Defendants argue Huffaker and Uranker were *managers* of Prime LLC — not members — and that both left the company prior to Plaintiff initiating this action. (ECF No. 9 at 18–19.) To support their argument, Defendants submitted declarations from Amazon's Vice President and Amazon LLC's Senior Regional Human Resources Business Partner, and a Certificate of Senior Corporate Counsel Ownership. (*Id.* at 23–29.) The declarations indicate Huffaker and Uranker were employed as managers of Prime LLC until December 2022 and June 2023, respectively. (*Id.* at 23, 29.) The Certificate of Senior Corporate Counsel Ownership indicates that PNF Enterprises LLC was the sole member of Prime Now LLC from the time

5

1 | Plaintiff filed her Complaint through Defendants' removal.  (*Id.* at 26.)

2 | The Court finds Defendants have demonstrated, by a preponderance of the evidence, that complete diversity existed at the time Plaintiff filed her Complaint through the time Defendants removed this action.  Plaintiff's argument that complete diversity does not exist between the parties is premised entirely on the assertion that Huffaker and Uranker are members of Prime LLC.  (*See* ECF No. 8 at 14.)  However, Defendants have proffered evidence that Huffaker and Uranker departed Prime LLC prior to the filing of Plaintiff's Complaint and have not returned to Prime LLC.  (*See* ECF No. 9 at 23–29.)  Thus, whether Huffaker and Uranker were members of Prime LLC is immaterial.  *Strotek Corp.*, 300 F.3d at 1131 (diversity jurisdiction is determined as of the time the complaint is filed and removal is effected).  In any event, Defendants have also proffered evidence that Huffaker and Uranker were never members of Prime LLC and that Prime LLC is a citizen of Delaware and the State of Washington.[2]

Accordingly, the Court DENIES Plaintiff's motion to remand on the basis that complete diversity does not exist between the parties.  To the extent discovery reveals Prime LLC had members who were citizens of California during the pertinent period, Plaintiff may file a motion under Federal Rule of Civil Procedure 12(b)(1).

### C. Attorney's Fees

Finally, Plaintiff requests the Court award her $2,800 in attorney's fees for having to file a motion to remand after Defendants improperly removed this action.  (ECF No. 8 at 15.)  Defendants do not address this argument, but because the Court finds removal was proper, the Court DENIES Plaintiff's request for attorney's fees.  *Evans v. FCA US LLC*, No. 2:16-CV-01094-TLN-AC, 2018 WL 1940955, at *4 (E.D. Cal. Apr. 25, 2018) (denying attorney's fees

---

[2] Prime LLC's sole member was, at all relevant times, PNF Enterprises LLC.  (ECF No. 9 at 23–29.)  PNF Enterprises LLC's sole member is PNF US LLC.  (*Id.* at 23.)  PNF US LLC's sole member is Amazon LLC, and Amazon LLC's sole member is Amazon.com Sales, Inc.  (*Id.*)  Amazon.com Sales, Inc. is incorporated in Delaware and has its principal place of business in the State of Washington.  (*Id.*)  Thus, Prime LLC is a citizen of Delaware and Washington.  *NewGen, LLC*, 840 F.3d at 612 (a limited liability company is a citizen of every state of which its owners/members are citizens); 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state in which it is incorporated and any state in which it maintains its principal place of business).

where removal is proper).

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand. (ECF No. 8.) Defendants shall file any responsive pleading not later than twenty-one (21) days from the electronic filing date of this Order.

IT IS SO ORDERED.

Date: August 23, 2024

_____
Troy L. Nunley
United States District Judge